## BALTIMORE CITY COURT.

Filed February 4, 1918.

JOSEPH A. LAVEZZA AND ANTONIO T. CAROZZA, CO-PARTNERS, TRADING AS A. T. CAROZZA & CO.,
VS.
THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Edwin H. Brownley* and *Bartlett, Poe & Claggett* for plaintiffs.

*S. S. Field* and *B. H. McKindless* for defendant.

BOND, J.—

It was agreed at the hearing that an assignment made by Frederick D. Carozza of his interest in the claim made upon one of the contracts must be shown in the proceedings in order to justify joining in one suit claims on both contracts. Without that, the whole declaration would be demurrable, and I announce the rulings on the present demurrer to be entered after the filing of the assignment.

The demurrer to the fourth amended count will be overruled. The theory of that count, as explained in the argument, I understand to be this: The engineer refused to include the work described in his final estimate for payment, without investigation to see whether the facts made it work which should or work which should not be paid for as demanded; that the decision thus made without foundation in such an investigation and consequent knowledge of the facts is not the act of judgment which the engineer is called upon to make under the contract; that this decision has not therefore the effect prescribed in the contract for engineers' decisions, and the right of the contractor to payment is thus left undetermined. The determination, if this should be true, would necessarily be made in a court proceeding, now that the machinery provided in the contract has not worked.

The count seems to me not so definite a statement of this theory as could be devised, but I have concluded that it is sufficiently definite for any practical purpose. The allegations, if made good by proof, would, I think, establish a cause of action.

I sustain the demurrer to the sixth amended count. Under this contract a contractor loses all right to a classification of "extra work," if, as is here alleged, he complies with the engineer's suggestion and does the work without then settling a dispute as to the classification and obtaining the prescribed written orders and approvals. Section 63 of the specifications provides that: "No claim for extra work will be considered or allowed unless the said work

has been approved and ordered in writing by the engineer, nor unless the commission shall approve such claim for extra work, and certify in writing that in its opinion extra work was necessary for the public interest * * *." If the allowance or disallowance of the claim were committed to the engineer alone, as it was in the Filston Farm case, then an estoppel might perhaps be found to result from the engineer's action alleged here. But as I read the contract, a claim for extra work will never be complete until it has met the requirement of the action by the commission, and this latter requirement cannot be avoided by any estoppel arising out of the engineer's action and not reaching up to the commission. The engineer cannot be relied on for protection of the contractor's rights in respect to claims for extra work. This may be a requirement hard to live up to in practice, but it is in the contract, not waived, as I see it, and the court has only the contract to follow.